

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00103-CV

---

ICONIC, LLC; REGICON, LLC; RJH I, LLC; RODNEY J. HAYES;
AND RYAN J. HAYES, Appellants

V.

SANGALLI PRIVATE VENTURES, LLC, Appellee

---

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-358422-24

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Appellee, Sangalli Private Ventures, LLC (SPV), brought suit against Appellants, Iconic, LLC, Regicon, LLC, RJH I, LLC, Rodney J. Hayes, and Ryan J. Hayes, alleging causes of action for breach of contract. SPV moved for summary judgment on its claims of breach of contract, and the trial court granted its motion. On appeal, Appellants assert that the trial court erred in granting summary judgment because: (1) SPV failed to show the guaranty agreements were supported by consideration as to Regicon, RJH I, Rodney, and Ryan; and (2) Iconic came forward with evidence sufficient to raise a genuine issue of material fact on each element of its affirmative defense of impossibility.[1] Because we find that Appellants did not rebut the presumption of consideration for the guaranty agreements and Iconic's affirmative defense of impossibility fails, we affirm the trial court's judgment.

I. Background

SPV's pleadings alleged that Iconic signed four promissory notes and two loan agreements as borrower, with SPV as lender. Specifically, (1) Note 1 is a $950,000.00 promissory note signed on September 29, 2023; (2) Note 2 is a $1,500,000.00 promissory note signed on August 21, 2019 and amended on March 1, 2021 (there is also an associated signed loan agreement related to Note 2 signed and amended on the same dates); (3) Note 3 is a $1,000,000.00 promissory note signed on August 23, 2023; and (4) Note 4 is a $1,500,000.00 promissory note signed on May 11, 2020 (and Note 4 also has an associated signed loan

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

agreement related to it signed on the same date). SPV also asserted that there are four guaranty agreements—one with Regicon, a second with RJH I, a third with Rodney, and a fourth with Ryan, each signed on October 31, 2023.

SPV filed an amended petition on June 13, 2025, and attached all four promissory notes, both loan agreements, and all four guaranty agreements. SPV also attached a document which showed Iconic's balances due as of June 2, 2025.

After discovery was conducted, SPV moved for traditional and no-evidence summary judgment, attaching all previously discussed signed agreements and evidence of its damages. SPV argued that it had established SPV was entitled to summary judgment as a matter of law on all of its breach of contract claims. SPV also argued that all of the Appellants' affirmative defenses, namely impossibility, impracticability, and frustration of purpose, failed as a matter of law.

Appellants responded to SPV's summary judgment motion, arguing that "genuine issues of material fact exist[ed] regarding the affirmative defenses" precluding summary judgment.

The trial court subsequently granted SPV's traditional and no-evidence summary judgment motion, awarding SPV damages in the amount of $5,633.250.26, plus interest, against each of the Appellants, jointly and severally. The trial court stated in its order that it would consider attorney fees by submission. After SPV filed its request for attorney fees and supporting documentation, the trial court entered a "Final Judgment" reiterating its granting of the traditional and no-evidence motion for summary judgment and awarding attorney fees in the amount of $67,006.93. This appeal followed.

3

## II.     Traditional and No-Evidence Summary Judgment

We review a trial court's decision to grant or deny a motion for summary judgment de novo. *City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 645 (Tex. 2013). When the trial court's order granting summary judgment does not specify the basis for the ruling, we will "affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). We review the summary judgment "record 'in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant.'" *City of Lorena*, 409 S.W.3d at 645 (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)).

"A movant for traditional summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Douglas v. Hardy*, 600 S.W.3d 358, 365 (Tex. App.—Tyler 2019, no pet.) (citing TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985)). Under a traditional motion for summary judgment, "[a] defendant-movant who conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim." *Id.* (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010)). Also, "after an adequate time for discovery, a party may file a no evidence motion for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." *Id.* (citing TEX. R. CIV. P. 166a(i)).

4

No-evidence and traditional grounds for summary judgment may be combined in a single motion. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004). The substance of the motion and not its form or the attachment of evidence determines whether the motion is a no-evidence, traditional, or combined motion. *Id.* When a party files both a no-evidence and a traditional motion for summary judgment, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## III.  Consideration for the Guaranty Agreements

Appellants first argue that the trial court erred in granting summary judgment as to the guaranty agreements signed by Regicon, RJH I, Rodney, and Ryan, specifically stating that there was no conclusive proof that the agreements were supported by consideration.

"Consideration is a fundamental element of every valid contract." *Doskocil Mfg. Co., v. Nguyen*, No. 02-16-00382-CV, 2017 WL 2806322, at *6 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.) (citing *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997), *superseded by statute on other grounds by Nazari v. State*, 561 S.W.3d 495 (Tex. 2018)). "Consideration is a present exchange bargained for in return for a promise and consists of benefits and detriments to the contracting parties." *Id.* (citing *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991)). "The detriments must induce the parties to make the promises, and the promises must induce the parties to incur the detriments." *Id.* (citing *Roark*, 813 S.W.2d at 496).

"A guaranty creates a secondary obligation under which the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor fails to

5

perform." *Jamshed v. McLane Exp. Inc.*, 449 S.W.3d 871, 877 (Tex. App.—El Paso 2014, no pet.) (citing *Anderton v. Cawley*, 378 S.W.3d 38, 46 (Tex. App.—Dallas 2012, no pet.) (quoting *Dann v. Team Bank*, 788 S.W.2d 182, 183 (Tex. App.—Dallas 1990, no writ))). "A plaintiff asserting a guaranty claim must establish: (1) the existence and ownership of the guaranty, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Id.* (citing *Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 160 (Tex. App.—Dallas 2013, no pet.); *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.—Dallas 1994, no writ); *Shin v. Sharif*, No. 02-08-00347-CV, 2009 WL 1565028, at *2 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.); *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 107 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) ("stating that when a guaranty is written and signed by guarantor, its existence presumes consideration")).

"Lack of consideration occurs when the contract, at its inception, does not impose obligations on both parties." *Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App.—Tyler 2010, no pet.) (citing MICHOL O'CONNOR, O'CONNOR'S TEXAS CAUSES OF ACTION 86 (2009)). "The contract lacking consideration lacks mutuality of obligation and is unenforceable." *Id.* (citing *Fed. Sign*, 951 S.W.2d at 409).

SPV argues in response that Appellants may not raise the issue of lack of consideration on appeal because they did not raise the issue in a verified pleading. As a result, SPV argues that

6

Appellants waived that defense. We agree.[2] *See* TEX. R. CIV. P. 93(9) (requiring verified plea that "written instrument upon which a pleading is founded is without consideration, or that the consideration of the same has failed in whole or in part"); *Jamshed*, 449 S.W.3d at 879 (citing *Murphy v. Canion*, 797 S.W.2d 944, 949–50 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("holding appellant waived defense that there was no consideration for agreement where he failed to plead that defense by verified pleading")).

Here, Appellants did not raise the lack of consideration through a verified pleading. Neither their original answer nor their first amended answer raised lack of consideration as an affirmative defense. Nor did Appellants raise this defense in their response to SPV's motion for summary judgment. Because Appellants did not actually plead a lack of consideration or raise this theory in their summary-judgment response, they cannot rely on this theory as a basis to reverse the summary judgment. *See* TEX. R. CIV. P. 166a; *Jim S. Adler, P.C. v. Martinez*, No. 02-25-00261-CV, 2026 WL 1838886, at *3 (Tex. App.—Fort Worth June 25, 2026, no pet. h.) (mem. op.) ("Moreover, '[a]n appellate court cannot 'read between the lines, infer or glean from the pleadings or the proof' any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court' in the motion." (alteration in original) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993))); *see also Price v.*

---

[2]Appellants argue that the lack of consideration argument is not an affirmative defense but rather "goes to the heart of SPV's breach of contract claim[s]." Relying on cases that discuss the distinction between "failure of consideration," which Appellants say is an affirmative defense, and "lack of consideration", which Appellants say is not an affirmative defense, Appellants contend that it was SPV's burden to establish consideration as part of its motion for summary judgment. When a guaranty is written and signed by a guarantor, its existence presumes consideration—it was not SPV's burden to rebut this presumption, but rather it was Appellants. *See Simpson*, 724 S.W.2d at 107.

7

*HPGM, LLC*, No. 02-25-00294-CV, 2026 WL 1108911, *5 (Tex. App.—Fort Worth, Apr. 23, 2026, pet. filed) (mem. op.) (mem. op.).

Accordingly, we overrule Appellants' first issue.

## IV.     Affirmative Defense of Impossibility

Appellants also argue that the trial court erred in granting summary judgment in favor of SPV because "Iconic came forward with evidence sufficient to raise a genuine issue of material fact on each element of its affirmative defense" of impossibility.[3]

> "The impossibility defense has been referred to by Texas courts as impossibility of performance, commercial impracticability, and frustration of purpose." *Key Energy Servs., Inc. v. Eustace*, 290 S.W.3d 332, 339 (Tex. App.—Eastland 2009, no pet.). Impossibility of performance, commercial impracticability, or frustration of purpose may excuse contractual performance "if an event occurs and the contract was made on the basic assumption that the event would not occur." *Zemos Logistics, LLC v. BKT Enters.*, No. 02-23-00049-CV, 2023 WL 8467374, at *5 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op.) (quoting *Philips v. McNease*, 467 S.W.3d 688, 695–96 (Tex. App.—Houston [14th Dist.] 2015, no pet.)); *see Centex Corp. v. Dalton*, 840 S.W.2d 952, 954 (Tex. 1992); Restatement (Second) of Contracts § 265 (Am. Law Inst. 1981) ("Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary.").

> Texas recognizes three contexts in which the impossibility of performance defense may be available: (1) a death or incapacity of a person necessary for performance, (2) a destruction or deterioration of a thing necessary for performance, and (3) a change in the law that prevents a person from performing. *Zemos Logistics, LLC*, 2023 WL 8467374, at *5; *Philips*, 467 S.W.3d at 696; *Tractebel Energy Mktg., Inc. v. E.I. Eu Pont De Nemours & Co.*, 118 S.W.3d 60,

---

[3]"Texas courts use the terms impossibility and impracticability interchangeably." *ATC Indoor DAS LLC v. MM CCM 48M Leasing, LLC*, No. 05-24-00769-CV, 2026 WL 265487, at *2 n.1 (Tex. App.—Dallas Jan. 29, 2026, no pet.) (mem. op.) (citing *BB FIT, LP v. EREP Preston Trail II, LLC*, No. 05-22-00682-CV, 2023 WL 7401501, at *6 n.9 (Tex. App.—Dallas Nov. 9, 2023, no pet.) (mem. op.)).

65 (Tex. App.—Houston [14th Dist.], pet. denied), *supp. op. on reh'g*, 118 S.W.3d 929 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

*Imperial Charters, LLC v. Redwood Fire & Cas. Ins. Co.*, No. 02-24-00237-CV, 2025 WL 1006279, at *4 (Tex. App.—Fort Worth Apr. 3, 2025, pet. denied) (mem. op.). "However, 'simply because a contract is more burdensome to perform than originally anticipated does not excuse its performance.'" *ATC Indoor DAS LLC*, 2026 WL 265487, at *6 (Tex. App.—Dallas Jan. 29, 2026, no pet.) (quoting *EM Bldg. Contractors Servs. v. Byrd Bldg. Servs.*, No. 05-19-00153-CV, 2020 WL 4592791, at *14 (Tex. App.—Dallas Aug. 11, 2020, no pet.) (mem. op.)).

Here, Appellants assert that Iconic satisfied its burden to establish sufficient evidence to raise a genuine issue of material fact as its affirmative defense. Iconic purchased new Mercedes vehicles and chassis and converted them, selling the converted products to dealerships and individuals. Iconic argues that two distinct events rendered their performance impossible: (1) a "Stop Sell order" was issued by Mercedes along with a nationwide recall, and (2) Regency Conversions, Inc., Iconic's partner who performed "the bulk of the conversion work," went into bankruptcy, causing "a substantial portion of Iconic's inventory and parts" to be frozen. Appellants, therefore, contend that because of those two occurrences, Iconic was unable to conduct its business and therefore unable to perform on the contracts.

SPV contends, in response, that Appellants' performance is not excused under those circumstances. SPV argues that none of the agreements entered into by Appellants contain a provision or clause that excuses or reduces the obligation to pay the amounts due, "not a safety recall, not a third-party bankruptcy, not a downturn in the economy generally, and not a

downturn in Iconic's business specifically." Relying on *Imperial Charters*, SPV argues that the obligations under the agreements are absolute. *See Imperial Charters*, 2025 WL 1006279, at *5.

"An obligation is objectively [impossible] if 'the thing cannot be done.'" *ATC Indoor DAS LLC*, 2026 WL 265487, at *7 (quoting *Castro v. Castro*, No. 04-11-01087-CV, 2013 WL 1928742, at *7 (Tex. App.—Houston [14th Dist.] May 9, 2013, no pet.) (mem. op.) ("giving the example of an inability to perform a promise to enter an agreed judgment in a lawsuit which had been dismissed")). "Subjective [impossibility], in contrast, arises wholly from the promisor's individual inability and does not excuse performance." *Id.* (citing *Castro*, 2013 WL 1928742, at *7 ("giving the example of a promisor's inability to pay")). "Only an objective impossibility excuses a promisor's obligation under a contract; a subjective impossibility neither prevents the formation of the contract nor discharges a duty created by a contract." *Castro*, 2013 WL 1928742, at *7.

While the two events cited by Appellants certainly affected Iconic's ability to conduct business, it is a subjective impossibility that does not discharge their duty created by the contracts. *See id.* The agreements entered into did not provide for any excused or reduced obligation based on Iconic's inability to conduct business as usual, nor did the agreements include any risk of loss if performance became impossible based on an event outside of Iconic's control. Rather, Iconic's obligations were absolute and without limitations. *See Imperial Charters*, 2025 WL 1006279, at *5. Accordingly, we overrule Appellants' second issue.

## V.     Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    May 21, 2026
Date Decided:    July 2, 2026